UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JESUS R. BRUNO,

                           Petitioner,
    v.                                                            9:20-CV-0161
                                                                        (GTS)
MATTHEW THOMAS, Superintendent, Five Points
Correctional Facility; LETITIA JAMES, The Attorney
General of the State of New York,

                           Respondent.
_____

APPEARANCES:                                           OF COUNSEL:

JESUS R. BRUNO
06-A-4702
Petitioner, pro se
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

**I.**     **INTRODUCTION**

Petitioner Jesus Bruno seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). Petitioner has also filed an application to proceed in forma pauperis ("IFP"), a motion requesting counsel, and the statutory filing fee. Dkt. Entry for Pet. dated 02/18/20 (identifying the receipt information for the filing fee transaction); Dkt. No. 2, IFP Application; Dkt. No. 3, Motion to Appoint Counsel. For the reasons that follow, the Court (1) denies petitioner's IFP application as moot; (2) deems the petition a successive petition for a writ of habeas corpus and will transfer it to the United States Court of Appeals

for the Second Circuit; and (3) makes no determination on petitioner's motion for appointment of counsel.[1]

## II. DISCUSSION

At the outset, petitioner's IFP application is denied as moot because petitioner already paid the filing fee. Dkt. Entry for Pet. dated 02/18/20. However, for the reasons that follow, this action must be transferred to the United States Court of Appeals for the Second Circuit for consideration in the first instance.

### A. Petitioner's Prior Habeas Petitions

On March 10, 2010, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2006 judgment of conviction in Albany County, upon a jury verdict, to first degree criminal sexual act, second degree attempted sexual assault, and resisting arrest. *Bruno v. Lempke*, No. 9:10-CV-0282(JKS), 2012 WL 4761503, at *1 (N.D.N.Y. Oct. 5, 2012); *see also Bruno v. Lempke*, No. 9:10-CV-0282, Dkt. No. 1, Petition, at 1-3; *People v. Bruno*, 47 A.D.3d 1064, 1064-65 (3rd Dep't 2008)). Petitioner argued that he was entitled to federal habeas relief because (1) the trial court erred in admitting his unredacted medical records because they were inadmissible hearsay and improperly bolstered the victim's testimony; (2) the conviction was supported by legally insufficient evidence; (3) the trial court erred in denying petitioner's motion for a mistrial for prosecutorial misconduct; (4) petitioner was deprived of a fair trial; and (5) both his trial and appellate counsel were constitutionally ineffective. *Bruno*, 2012 WL 4761503, at *1.

On October 5, 2012, this Court dismissed the petition as time-barred. *Bruno,* 2012

---

[1] Citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

WL 4761503, at *1-*2. Specifically, the court found that petitioner's conviction became final on June 24, 2008; statutory tolling tolled the statute of limitations period between March 5, 2009 and June 11, 2009 and July 2, 2009 and November 20, 2009 while his post-conviction motions for relief were pending; and the statute of limitations ultimately expired on February 18, 2010. *Id.*, 2012 WL 4761503, at *2. Petitioner filed his petition on March 2, 2010, twelve days too late. *Id.* Accordingly, the petition was dismissed as untimely. *Id.*, 2012 WL 4761503, at *2-*3.

**B.     The Present Petition**

Petitioner again challenges a 2006 judgment of conviction in Albany County, upon a jury verdict, to first degree criminal sexual act, second degree attempted sexual assault, and resisting arrest. Pet. at 1. Petitioner contends that he is entitled to federal habeas relief because (1) the trial court erred in admitting unredacted medical records because there were hearsay and improperly bolstered the victim's testimony (Pet. at 4-5); (2) the trial court erred in denying petitioner's motion for a mistrial based on prosecutorial misconduct (*id.* at 5-6); (3) the conviction was supported by legally insufficient evidence (*id.* at 6-7); and (4) the prosecutor presented knowingly false evidence which resulted in petitioner's conviction (*id.* at 7-8). Petitioner acknowledged his prior § 2254 petition, listing the grounds of relief – the first three of which are identical to the instant petition – and reported that the petition was denied, without a hearing, on February 16, 2011. Pet. at 8-9.

**C.     Analysis**

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions. A petition is a second or successive

3

application when it "attacks the same judgment that was attacked in a prior petition," *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (internal quotation marks omitted), the prior petition was dismissed on the merits, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and the later petition "raises a claim that was, or could have been, raised in [the] earlier petition." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *accord, Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003). Instead, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

At the outset, petitioner acknowledges that this is his second habeas petition in this

4

Court. Pet. at 8-9. Petitioner's current submission is another attack on the trial and subsequent 2006 Albany County conviction. *Compare* Pet. at 1-3 *with Bruno v. Lempke*, No. 9:10-CV-0282, Dkt. No. 1, Petition, at 1-3. The petition is successive because petitioner is challenging the same judgment of conviction that he challenged before in his prior habeas petition. These claims have been previously dismissed as untimely, which constitutes a dismissal on the merits. *Murray*, 394 F.3d at 81 ("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' . . . ."). Moreover, there is no basis for concluding that petitioner could not have raised in his earlier petition the grounds for relief asserted in his present petition. In fact, it appears petitioner did raise some of these exact same arguments in his prior petition, repeating arguments that the unredacted medical evidence was incorrectly admitted, the conviction was supported by legally insufficient evidence, and the trial court erred in denying petitioner's motion for a mistrial. *See* Pet. at 4-7, 8-9.

As district courts have no jurisdiction to decide successive petitions, the Court is required to transfer this action to the appropriate Court of Appeals. *Torres*, 316 F.3d at 151-52. Accordingly, the Court transfers this action to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Id.* Given the Court's lack of jurisdiction, the Court also makes no determination regarding petitioner's request for appointment of counsel, leaving that decision to the Second Circuit.

### III. CONCLUSION

**WHEREFORE**, it is

5

**ORDERED** that petitioner's IFP application, Dkt. No. 2, is **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: February 24, 2020
      Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
Chief U.S. District Judge